**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VINCENT GORSKI,

    Plaintiff,

vs.

HARTFORD INSURANCE COMPANY,

    Defendant.

Case No.: 2:19-cv-01146-GMN-EJY

**ORDER**

Pending before the Court is Defendant Hartford Insurance Company's ("Defendant's") Motion to Dismiss the Complaint, (ECF No. 7). Plaintiff Vincent Gorski ("Plaintiff") filed a Response, (ECF No. 9), and Defendant filed a Reply, (ECF No. 10). For the reasons discussed below, the Court **GRANTS** Defendant's Motion.

**I. BACKGROUND**

This case arises out of a car accident between Plaintiff and Angela Maloney ("Maloney"), which occurred on March 23, 2017, when Maloney "struck the rear of [Plaintiff's] vehicle." (Compl. ¶¶ 4–6, ECF No. 1-1). Plaintiff suffered "severe personal injuries" from the accident. (*Id.* ¶ 7). To recover the associated medical expenses, Plaintiff made a demand to Defendant for compensation based on his insurance policy of "uninsured/underinsured motorist coverage in the amount of One Hundred Thousand Dollars and 00/100 ($100,000.00)." (*Id.* ¶¶ 6–9). But Defendant denied coverage. Defendant also "failed to acknowledge or effectuate prompt, fair and equitable settlement of this claim," which "compelled Plaintiff to institute litigation." (*Id.* ¶¶ 10–12).

Plaintiff filed his Complaint against Defendant on May 31, 2019, in the Eighth Judicial District Court for Clark County, Nevada, based on four claims for relief: (1) breach of contract;

(2) breach of the covenant of good faith and fair dealing; (3) violation of NRS 686A.310; and (4) declaratory judgment. (Compl., ECF No. 1-1). Defendant then timely removed the case from Nevada state court to this Court based on federal subject-matter jurisdiction conferred by 28 U.S.C. § 1332. (Pet. Removal 2:16–3:12, ECF No. 1). One week after removal, Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss becomes a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's second and third claims for relief because the Complaint "fails to provide the requisite factual support." (Mot. Dismiss 1:27–28, ECF No. 7).

Without the requisite factual support, according to Defendant, Plaintiff's allegations fail to give "fair notice to properly defend against the alleged violations" and "do not permit the court to infer more than a possibility of misconduct." (Reply 2:8–16, ECF No. 10). In response, Plaintiff argues that his statement of facts satisfies Federal Rule of Civil Procedure 8(a)(2)'s notice pleading standard as to his third claim for violation of Nevada Revised Statute 686A.310. However, Plaintiff does not oppose dismissal of his second claim for breach of the covenant of good faith and fair dealing.

Considering Plaintiff's non-opposition to dismissal of his second cause of action, the Court grants Defendant's Motion as to that claim. *See* D. Nev. Local Rule 7-2(d). The below discussion therefore begins with the sufficiency of Plaintiff's factual allegations for his third claim. Because the Court finds the pleading allegations insufficient, the Court then addresses whether Plaintiff should have leave to amend his Complaint.

**A. Violation of Nevada Revised Statute 686A.310**

Nevada Revised Statute 686A.310(1) lists sixteen activities that constitute an "unfair practice" by an insurer when settling claims with an insured. *See* Nev. Rev. Stat. 686A.310(1)(a)–(p). Plaintiff's Complaint does not specify which of those activities serve as a basis for his third claim. Nevertheless, his allegations emulate subsections (e) and (f) of the statute. (*See* Compl. ¶¶ 10–11, 33–34). Subsection (e) concerns an insurers failure "to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." Nev. Rev. Stat. 686A.310(1)(e). Subsection (f) then addresses an insurer "[c]ompelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered." Nev. Rev. Stat. 686A.310(1)(f).

To support violations of subsections (e) and (f), Plaintiff alleges the existence of his insurance policy with Defendant, his injuries from the car accident on March 23, 2017, and his demand for compensation from Defendant to cover medical damages. (*See* Compl. ¶¶ 7–11, 27–37). But beyond those facts, Plaintiff merely recites the statutory language of NRS 686A.310(1)(e) and (f) along with conclusory allegations that Defendant acted "in violation of" the statute. (*Id.*). Further, his conclusory allegations do not distinguish between an outright failure by Defendant to respond to Plaintiff's demand verses an untimely or inequitable settlement offer. These conclusory allegations thus leave Defendant without have fair notice of the grounds on which Plaintiff's claim rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And even if the Court could construe the Complaint as supporting a settlement offer by Defendant, the Complaint provides no facts showing how such offer could be considered untimely, unfair, inequitable, or substantially less than amounts ultimately recovered in similar circumstances. Consequently, the Complaint presents no reason to consider Defendant's actions "anything more than typical claims-processing under a disputed valuation." *See Clifford v. Geico Cas. Co.*, No. 2:19-cv-1301-KJD-BNW, 2019 WL 7038257, at *6 (D. Nev. Dec. 20, 2019). The Complaint accordingly fails to present a plausible violation of NRS 686A.310(1), which requires dismissal of the claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

**B. Leave to Amend**

Generally, a court denies leave to amend only when it is clear that the deficiencies of the complaint cannot be cured. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). In applying that liberal amendment standard here, the Court provides Plaintiff an opportunity to amend his Complaint. Plaintiff shall have twenty-one days from the date of this

---

[1] Plaintiff's fourth claim for declaratory judgment seeks "a judicial declaration that . . . Defendant is in breach of said insurance contract; that Defendant is in violation of NRS 686A.310; and . . . that Plaintiff is entitled to recover for his contractual and statutory damages thereunder." (Compl. ¶ 42). Based on this claim's reliance on the others in Plaintiff's Complaint, dismissal of Plaintiff's third claim necessarily requires dismissal of the fourth claim to the extent that it references a violation of NRS 686A.310.

Order to do so. Failure to file an amended complaint for the claims addressed in this order will result in their dismissal with prejudice.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 7), is **GRANTED**. The Court dismisses without prejudice Plaintiff's second and third claims regarding breach of the covenant of good faith and fair dealing as well as violations of Nevada Revised Statute 686A.310. The Court also dismisses without prejudice Plaintiff's fourth claim for declaratory judgment to the extent that it relies on a violation of Nevada Revised Statute 686A.310. Plaintiff shall have twenty-one days from the date of this Order to file an amended complaint. Failure to file an amended complaint within that timeframe will result in dismissal of these claims with prejudice.

**DATED** this __20__ day of February, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court